IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-50393
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ISAAC CHARLES HUGHES,
a/k/a Ike Hughes,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-90-CR-79
- - - - - - - - - -
December 10, 1996

Before WIENER, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Isaac Charles Hughes, federal prisoner #52612-080, filed a motion to modify his sentence pursuant to 18 U.S.C. § 3582(c)(2), arguing that he was eligible for a sentence reduction based on Amendment 484 to the sentencing guidelines. U.S.S.G. App. C, amend. Section 3582(c)(2) authorizes a district court, in its discretion, to reduce a defendant's sentence when the guideline

_____

* Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

range applicable to the defendant has been lowered by a

retroactive amendment, such as Amendment 484.  <u>United States v.
Towe</u>, 26 F.3d 614, 616 (5th Cir. 1994).

In denying the motion, the district court considered the factors set forth in 18 U.S.C. § 3553(a), which include:  the nature and circumstances of the offense; the history and characteristics of the defendant; and the need for the sentence imposed - to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant.  18 U.S.C. § 3553(a)(1) and (2).  Hughes has not shown that the district court abused its discretion in denying his motion.  <u>United States v. Pardue</u>, 36 F.3d 429, 430 (5th Cir. 1994), <u>cert. denied</u>, 115 S. Ct. 1969 (1995).

AFFIRMED.